1:18 MJ 9155

## Affidavit

I, Kris White, a Special Agent (SA) with the Drug Enforcement Administration (DEA), Cleveland District Office, being duly sworn, depose and state as follows:

1.  I have been employed as a Special Agent of the Drug Enforcement Administration (DEA) since March 2010, and am currently assigned to the DEA's Cleveland District Office (CDO).  While employed by the DEA, I have participated in investigations targeting individuals and organizations involved in drug trafficking offenses in the Northern District of Ohio and elsewhere.  I have gained experience through training at the DEA Academy and everyday work related to conducting these types of investigations.

2.  I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have participated in the preparation of affidavits in support of numerous search and arrest warrants for violations of federal drug laws contained in Title 21, United States Code, as well as in the execution of the same.  Affiant has also participated in Title III wiretap investigations, to include authoring several Title III investigations and analyzing pen registers and telephone toll data.  In addition, I have on numerous occasions, as a Special Agent with DEA, made seizures of contraband, conveyances, currency, drug paraphernalia, and firearms possessed or used in relation to violations of Title 21, United States Code, Section 841. This affidavit is being submitted for the limited purpose of establishing probable cause that TODD E. COLEMAN JR., of Lorain, Ohio, has violated Title 21 U.S.C. § 841(a)(1) (manufacture, distribution, or possession with intent to distribute a controlled substance, namely cocaine base and a mixture of Heroin and Fentanyl, Schedule I and Schedule II controlled substances, respectively).   As such,

this affidavit does not include every fact known to me regarding this investigation, but will seek to summarize the relevant information. The statements made in this affidavit are based in part on information provided by members of the Lorain Police Department (LPD), as well as on your Affiant's own investigation of this matter.

## Probable Cause

3.     On June 6, 2018, members of the Lorain Police Department (LPD) and DEA CDO conducted a controlled buy/walk from TODD E. COLEMAN JR.. During the buy, which was controlled and monitored by members of the Lorain Police Department, The CS, who has proven to be reliable in the past, arrived at 1303 W 20th Street and met with a male known to CS as Moosha. Moosha attempted to contact COLEMAN in order to have COLEMAN come to the residence and conduct a drug deal with the CS. Moosha at this time was unable to contact COLEMAN after several attempts. The CS left the residence and after a couple of hours, the CS was contacted by Moosha who was at the 1303 W 20th residence with COLEMAN present. COLEMAN advised the CS to come to the residence now and conduct a drug deal. The CS contacted agents/officers who prepared the CS for the drug transaction and provided with copied government funds $1,200.00 in cash. The CS went to the above residence and entered into the front door. The CS was overheard speaking with a male later identified by the CS as COLEMAN. After several minutes, the CS exited the residence and returned to a pre-determined location. The CS immediately turned over a bag of a white substance that tested positive for the presence of cocaine and weighed 27.91 grams. The CS stated that he/she received the drugs from COLEMAN. The specimens submitted in the Laboratory were 27.91 grams of a white substance. Laboratory analysis revealed that substance was cocaine a schedule II controlled substance.

4. On June 13, 2018, members of the Lorain Police Department (LPD) and DEA Cleveland (CDO) conducted a controlled buy/walk from TODD E. COLEMAN JR.. who was at 1303 W. 20th St, Lorain Ohio. Agents/officers observed COLEMAN enter a white Toyota Avalon, and depart the area. A short time later, agents/officers then observed COLEMAN enter the parking lot of Marshal Apartments. Agents/officers observed COLEMAN exit the front door of 2519 Reeves Ave, Lorain, Ohio. Agents/officers observed COLEMAN enter the driver side of the white Avalon and depart the parking lot. Agents/officers observed COLEMAN arrive at the 1303 West 20th Street, Lorain, Ohio, residence. Agents/officers observed COLEMAN exit the driver's side of the white Avalon, and make contact with the CS, who was waiting on the front porch of the residence. Both COLEMAN and the CS then entered the residence, upon entering the residence COLEMAN gave the CS a quantity of cocaine cocaine. A short time later, Agents/officers observed the CS exit the residence and enters the CS's vehicle and depart the area.  The CS was immediately met by law enforcement and the CS turned over a bag of a white substance. This bag of white substance weighing approximately 27.54 grams was submitted to the Laboratory and analysis revealed that substance was cocaine, a schedule II controlled substance.

5. On June 21, 2018, members of the Lorain Police Department (LPD) and DEA Cleveland (CDO) conducted a controlled buy/walk from TODD E. COLEMAN JR., who was located at 1030 W. 21st St, Lorain Ohio.  Agents/officers observed the CS pull into the driveway at 1030 W. 21st St. Lorain, Ohio.  Agents/officers observed the CS exit the CS's vehicle and approach the front door of the residence.  Agents/officers observed the CS meet with COLEMAN at the front door and the two of them are seen to depart from the front porch of the residence. Agents/officers observed the CS enter the driver side of the vehicle and Todd COLEMAN entered into the passenger side of the vehicle.  Agents/officers observed the CS exit and depart the area of

W. 21st St. with COLEMAN still in the passenger side of the vehicle. Agents/officers observed the vehicle driven by the CS and with COLEMAN within it pull into the Marshal Apartments located at 2519 Reeves Ave. Lorain, Ohio. Agents/officers observed COLEMAN then exit the vehicle with the CS remaining in it. COLEMAN was seen by agents to enter apartment G-2 2519 Reeves Ave. Lorain, Ohio. A short time later, COLEMAN was observed exiting apartment G-2 and walking back to the CS's vehicle. COLEMAN re-entered the vehicle and then both the CS and COLEMAN departed in the vehicle together. Upon re-entering the vehicle, COLEMAN gave the CS two baggies described below which contained controlled substances while the two of them were driving back to 1031 West 21st. Street. Once the vehicle arrived back at 1031 West 21st Street, both the CS and COLEMAN exited the vehicle and entered the residence. A short time later, the CS exited the residence by himself and left the area. At some point, the CS returned to 1031 West 21st. Street and paid COLEMAN for the drugs and then left the area of the residence again. The CS was immediately met by law enforcement and the CS turned over the two baggies of controlled substances to law enforcement that the CS received from COLEMAN. The contents of these baggies were submitted to the Laboratory for analysis; the baggies were labeled as exhibit (A) and (B). The substance in the baggie marked (A) was determined to be 29.50 grams of a substance containing N-Methyl Norfentanyl (a schedule I controlled substance), 6-Monoacetylmorphine (a schedule I controlled substance) Benzylfentanyl (a schedule I controlled substance), Diacetylmorphine [Heroin] (a schedule I controlled substance), and Fentanyl (a schedule II controlled substance). The substance in the baggie marked (B) was determined to be 0.49 grams of a substance containing N-Methyl Norfentanyl (a schedule I controlled substance), cocaine (a schedule II controlled substance), Benzylfentanyl (a schedule I controlled substance), and Fentanyl (a schedule II controlled substance).

1:18 MJ 9155

**Conclusion**

6.	Based on the preceding, there is probable cause to believe TODD E. COLEMAN JR., violated Title 21 U.S.C. § 841(a)(1) (manufacture, distribution, or possession with intent to distribute a controlled substance, namely a mixture of cocaine, heroin and fentanyl, Schedule I and Schedule II controlled substances, respectively).

_____
Kris White
Special Agent
Drug Enforcement Administration

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1, on this Aug 2, 2018 day of August, 2018.

_____
WILLIAM H. BAUGHMAN, JR.
UNITED STATES MAGISTRATE JUDGE